UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Steven Whang, | Case No. 2:25-cv-02335-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Walgreens, | |
| Defendants. | |

Before the Court is Plaintiff Steven Whang's application for leave to proceed in forma pauperis ("IFP"). ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Therefore, his request to proceed IFP will be granted.

**I.   Analysis**

**A.   Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Plaintiff seeks to assert claims under Title VII, the ADEA, the FLSA based on actions that took place while he was working at Walgreens. It also appears Plaintiff may be attempting to assert one or more retaliation claims.

#### A. Title VII Claim

To establish a prima facie case of employment discrimination based on race, color, religion, sex, or national origin under Title VII, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to adverse employment action; (4) similarly situated individuals outside of his protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Here, Plaintiff asserts that several individuals discriminated against him. But he does not explain how he arrives at that conclusion or whether the discrimination was based on sex, race, national origin, or all three. Moreover, he does not provide any facts asserting he was qualified for his position or how other similarly situated individuals outside of his protected class were treated more favorably. As a result, the Court will dismiss this claim with leave to amend.

#### B. ADEA Claim

To establish a prima facie case of discrimination under the ADEA, a plaintiff must allege in his complaint that: (1) he was at least forty years old; (2) he was performing his job satisfactorily; (3) discharged; and (4) "either replaced by [a] substantially younger [employee]

with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

Here Plaintiff asserts he is over 40 years of age but does not otherwise assert facts alleging he was performing his job satisfactorily or what circumstances give rise to an inference of age discrimination. As a result, this court will dismiss this claim with leave to amend.

### C. Retaliation Claim

When an employee files a complaint regarding an unlawful practice, he has engaged in a protected activity. See 42 U.S.C. § 2000e-3(e). Employers may not retaliate against an employee because he has opposed any unlawful act or practice. 42 U.S.C. § 12203(a). To state a retaliation claim under Title VII, a plaintiff must allege that: (1) he engaged in a protected act; (2) he suffered some sort of adverse employment action; and (3) there was a causal connection between his protected action and the adverse act. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). Similar requirements apply to retaliation claims under the ADEA. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1240 (9th Cir. 2016).

First, it is not clear whether Plaintiff alleges retaliation under Title VII, the ADEA, or both. In addition, Plaintiff fails to provide most facts underlying these elements. He does not explain what the protected activity is he engaged in[1] or how his termination would not have taken place but for the protected activity in which he engaged.

### D. FLSA

The FLSA requires employers to pay employees who work in excess of forty hours per week "at a rate not less than one and one half times" their normal wages. 29 U.S.C. § 207(a)(1). Plaintiff asserts that he was required to undergo bag checks after clocking out but not paid. For purposes of screening, which employs a liberal standard, Plaintiff has sufficiently alleged facts to pursue this claim.

---

[1] Plaintiff simply states that he reported discrimination and unsafe workplace conditions but does not assert the nature of the discriminatory conduct. As to reporting *unsafe workplace conditions*, this is not the type of protected activity covered under Title VII.

### E. Exhaustion requirements

Plaintiff must allege that he exhausted his administrative remedies prior to bringing any Title VII or ADEA employment claim. *See, e.g., You v. Longs Drugs Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248-49 (D. Haw. 2013). He has not done so. Should Plaintiff choose to amend his complaint, he must first assert whether and when he exhausted his administrative remedies. *See, e.g., Delaney v. Lynwood Unified School Dist.*, No. CV 07-05049 DDP, 2008 WL 11338726, at *3 (C.D. Cal. Apr. 7, 2008).

### F. Instructions for amendment

If plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, plaintiff still must give each defendant fair notice of his claims against them and of his entitlement to relief.

In addition, plaintiff must look at the elements for each of his claims closely and allege facts as to each of the elements for each claim. Should he not allege facts as to each of the different elements, his claims will be dismissed.

Lastly, plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make his amended complaint complete.

### I. CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend his complaint, he must do so by January 2, 2026. Failure to amend by this deadline will result in only his FLSA claim moving forward. Plaintiff is reminded to read the instructions in this order carefully, especially as it concerns exhaustion requirements.

1  **IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's proposed summons (ECF No. 1-4).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty days in which to send the U.S. Marshals Service the required USM-285 forms. The U.S. Marshals Service can be reached by mail at the following address: 333 South Las Vegas Boulevard, Suite 2058, Las Vegas, Nevada 89101. On the form, Plaintiff **must fill out** the defendant's address he includes in his proposed summons at ECF No. 1-4.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this order, the issued summons, and the operative complaint (ECF No. 1) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 forms, the U.S. Marshal shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on defendant at the address that appears on the summons.

DATED: December 2, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE